UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DeBARTOLO,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL ASSURANCE COMPANY, and DOES 1 through 25, inclusive,<br><br>Defendants. | 1:12-CV-01419-LJO-DLB<br><br>ORDER DENYING MOTION TO DISMISS (DOC. 8) |

Plaintiff, Eric DeBartolo, seeks payment of benefits as the sole beneficiary of an Accidental Death and Dismemberment group insurance policy ("Policy") issued by Defendant American General Assurance Company ("AGAC") to Plaintiff's mother, Sandra DeBartolo, providing her with basic and supplemental coverage in the amount of $3,000.00 and $100,000.00 respectively, as well as family protection insuring her spouse, Gary DeBartolo, for $60,000. Sandra and Gary DeBartolo were murdered in their home on July 22, 2009, and, although other individuals have been arrested and charged with the murder, Plaintiff has not been eliminated as a suspect.[1]

AGAC refused to pay out on Plaintiff's claim, citing California Probate Code § 252, which provides "[a] named beneficiary of a … life insurance policy, or other contractual arrangement who feloniously and intentionally kills … the person upon whose life the policy is issued is not entitled to

---

[1] AGAC has submitted extra-record evidence that purports to establish: (1) that one of its agents has been in regular contact with the Detective investigating the murders; (2) on numerous occasions, from December 2009 through the filing of this motion in September 2012, the Detective informed AGAC's agent that Plaintiff "had not been eliminated" as a suspect in the deaths; and (3) that another charged suspect "could" implicate Plaintiff in the crime. Declaration of Detective Sergio Toscano, Doc. 8-3. Yet, AGAC has not offered a plausible basis for consideration of this evidence on a 12(b)(6) motion to dismiss. AGAC is correct that a court may look to documents attached as exhibits to or otherwise incorporated by reference in the complaint. However, AGAC's suggestion that the submitted declarations should be considered because the complaint "specifically refers" to Detective Toscano's investigation is patently absurd. By this logic, any and all evidence related to any allegation in any complaint could be considered on a 12(b)(6) motion. This is entirely contrary to the law. The evidence will not be considered. Even if, *arguendo*, the evidence could be considered, the additional information would not alter the outcome of this motion.

any benefit under the … policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent."

Plaintiff filed this lawsuit on August 29, 2012, alleging AGAC's refusal to pay out on his claim constitutes breach of contract and breach of the implied covenant of good faith and fair dealing. Doc. 1. AGAC claims to be "[u]nable to pay the AD&D insurance benefits without avoiding potential liability to another party who may be the proper beneficiary if Plaintiff is convicted" of murdering his parents. Doc. 8-1 at 2. Accordingly, AGAC has moved to dismiss Plaintiff's lawsuit as "premature." Doc. 8-1.

This motion is entirely without merit. In California, unreasonable delay in paying a covered claim may support a claim both for breach of contract and breach of the implied covenant of good faith and fair dealing." *See Austero v. Nat'l Cas. Co.*, 84 Cal. App. 3d 1, 26, 29-30 (1978); *United Investors Life Ins. Co. v. Grant*, 2007 WL 521804, *1 (Feb. 15, 2007).

While California Penal Code § 242 precludes receipt of insurance benefits by a beneficiary who murdered (or conspired to murder) the named insured, only a judgment of conviction is conclusive for purposes of excusing payout. *See* Cal. Penal Code § 254 (a)("A final judgment of conviction of felonious and intentional killing is conclusive for purposes of this part."). In the absence of a conviction, "the party seeking to establish that the killing was felonious and intentional" must prove as much "by a preponderance of evidence." Cal. Penal Code § 254(b).[2]

The practical impact of this statutory scheme was on display in *United Investors v. Grant*, where Donna Grant submitted a claim for death benefits under a life insurance policy issued to her husband, George, who was the victim of an apparent homicide. 2007 WL 521804, *1. The insurer refused to pay out on the claim, citing California Penal Code § 252, on the ground that law enforcement had "not ruled out anyone, including Donna, as a suspect in the homicide." *Id*. More than fourteen months after the claim was submitted, the insurer filed an interpleader action, seeking to protect itself from the possibility

---

[2] In Reply, AGAC ignores the burden shifting arrangement set up by the California legislature, choosing instead to rely on cases from other jurisdictions to argue that Plaintiff's claims are barred as a matter of law.

of having to pay the same claim more than once. *Id*. Donna filed a counterclaim, alleging the insurer willfully delayed paying the benefits to her by waiting fourteen months to initiate the interpleader action. *Id*. The Grant court denied the insurer's motion for summary judgment on the counterclaim, concluding that there were factual disputes over whether it was reasonable for the insurer to wait so long before pursuing interpleader. *Id*. Among other things, the district court noted the insurer waited more than a year before forwarding Donna's claim to its legal department to assess whether the claim should be paid pursuant to an action interpleader, a delay the insurer's own claims supervisor admitted was "unusual." *Id*. Moreover, the insurer "did no investigation of [its] own to help determine Donna's involvement, if any in George's death...." during that fourteen month period. *Id*. at *2.[3]

As in *Grant*, the question of whether AGAC has unreasonably delayed payment of Eric DeBartolo's claim cannot be decided as a matter of law. Plaintiff has properly stated claims for breach of contract and breach of the covenant of good faith and fair dealing. Among other things, he has alleged that AGAC "willfully failed to evaluate the claim objectively and properly or to conduct and diligently pursue a thorough, fair and objective investigation" and that "during the three-year period defendant withheld paying the claim, it never sought the advice of legal counsel." Doc. 1 at ¶ 12. In light of the "Slayer Statute's" entire statutory scheme, AGAC cannot simply sit on its hands and wait for the police to either indict Plaintiff or eliminate him as a suspect. AGAC's motion to dismiss those claims as premature is DENIED.

SO ORDERED
Dated: November 29, 2012

                                                /s/ Lawrence J. O'Neill
                                                United States District Judge

---

[3] AGAC attempts to distinguish *Grant* on the grounds that *Grant* concerned the specific question of whether a delay in initiating interpleader proceedings was actionable. This misses the clear implication of the *Grant* decision. If, as AGAC suggests, § 252 provides an insurer a blanket (per se) excuse to delay processing a claim until the beneficiary is cleared of any involvement, Donna Grant would not have had a counterclaim for unreasonable delay in the first place, and the insurer in *Grant* could have waited *ad infinitum* to file its interpleader action.